IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01984-MSK-MEH

JERRIE JACKSON, an individual,

     Plaintiff,

v.

DENVER WATER BOARD,

     Defendant.

---

## ORDER ON DEFENDANT'S MOTION TO STAY

---

Pending before the Court is Defendant's Motion to Stay Discovery [filed December 1, 2008; doc #13]. The matter has been referred to this Court for disposition [docket #31]. For the reasons stated below, Defendant's motion is **denied**.

## I.     Background

Plaintiff instituted this action on September 15, 2008. In essence, Plaintiff alleges that she was subjected to a pattern of discrimination and harassment by Defendant based upon her race, African-American. *See* Complaint [docket #1]. On November 24, 2008, Defendant responded to the Complaint by filing a Motion to Dismiss and Motion to Stay Discovery. *See* docket #8. The District Court denied the motion to stay without prejudice to allow the Defendant to re-file it separately, so to refer the motion to the Magistrate Judge. Docket #9. Defendant then filed the within Motion to Stay Discovery, alleging that because "the Complaint is likely to be dismissed in its entirety and with prejudice," Defendant "should not have to invest resources in meeting disclosure and discovery obligations." *See* docket #13 at ¶ 3.

## II.     Discussion

The decision to issue a protective order and thereby stay discovery rests within the sound discretion of the trial court. *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990). Such protection is warranted, upon a showing of good cause, to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Here, Defendant seeks protection from the burden of discovery at this stage in the case. A stay of all discovery is generally disfavored in this District. *Chavez v. Young Am. Ins. Co.*, No. 06-2419, 2007 WL 683973, *2 (D. Colo. Mar. 2, 2007).

In this matter, staying the case while Defendant's motion to dismiss is pending could substantially delay the ultimate resolution of the matter, with adverse consequences such as a decrease in evidentiary quality and witness availability. Defendant claims that a stay of proceedings is warranted because "discovery on all issues posed by the complaint would be wasteful and burdensome." Docket #13 at ¶ 4. However, defendants always are burdened when they are sued, whether the case ultimately is dismissed, summary judgment is granted, the case is settled, or a trial occurs. *See Chavez, supra*. Here, there is no evidence of a special burden on the Defendant.

Generally, it is the policy in this district not to stay discovery pending a ruling on motions to dismiss. *See Ruampant v. Moynihan,* 2006 U.S. Dist. LEXIS 57304, *4-5 (D. Colo. Aug. 14, 2006). This is particularly true in cases like this one, pending before Judge Krieger, who instructs the parties that motions having the effect of delaying proceedings may "adversely affect the scheduling of the case or other cases." MSK Practice Stds., II.G. Consequently, the general interests of controlling the court's docket and the fair and speedy administration of justice require that the Motion to Stay Discovery be denied.

**III.     Conclusion**

Accordingly, for the reasons stated above, it is hereby ORDERED that Defendant's to Stay

Discovery [filed December 1, 2008; doc #13] is **denied**.

Dated at Denver, Colorado, this 15th day of December, 2008.

BY THE COURT:


 s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge